■ In the Matter of the Estate of IGNATZ KINA, Deceased. LEOKADIA ZBORJA et al., by Their Attorneys-in-Fact, Wolf Popper Ross Wolf & Jones, Appellants; THOMAS G. PARISI, as Public Administrator of Kings County, et al., Respondents.— Appeal by certain distributees who are residents and nationals of Poland from so much of a decree of the Surrogate's Court, Kings County, dated October 28, 1966, as directed their distributive shares to be deposited to their credit with the Director of Finance of the City of New York. Decree reversed insofar as appealed from, on the law and facts, without costs, and it is directed that the shares of appellants shall be transmitted to them in Poland through the facilities of Bank Pekao. After a hearing before a Referee and on that report of the Referee, the Surrogate determined that, pursuant to section 269-a of the former Surrogate's Court Act (now SCPA, § 2218, subd. 1), the shares of the distributees domiciled and residing in Poland should be deposited to their credit with the Director of Finance of the City of New York. That determination rested on the finding that the foreign distributees did not

sustain their burden of proof to establish that they would have the benefit or use or control of the money due them. In our opinion, the burden of proof was satisfactorily discharged by the distributees through the production of evidence that funds transmitted to Polish nationals will be received by them and that they will receive the use of such funds by either leaving the funds in the government bank in Poland (Pekao), or that they may receive coupons which can be traded in stores operated by the bank for merchandise, or that they may receive Polish funds at the preferential rate of 72 zlotys per dollar in contrast with the exchange rate of 24 zlotys to the dollar. The testimony also established that no inheritance tax was payable to the foreign state on funds received from American estates and that Polish funds and coupons may be transmitted through inheritance or gift in Poland (see, *Matter of Krasowski*, 28 A D 2d 180). We see no significant difference between the use and possession of funds in Poland and the use and possession of funds in other countries in which a similar system has been effected, and which latter system has been determined to give use, benefit and possession to nationals in those countries (cf. *Matter of Reidl*, 23 A D 2d 171; *Matter of Saniuk*, 21 A D 2d 922; *Matter of Wayand*, 25 A D 2d 836). We note, too, that on June 7, 1957 the United States Treasury Department rescinded the prohibition against transmittal of Federal checks and warrants to persons in Poland. We do not find any difference between conditions in Poland as construed by the court in *Matter of Tybus* (28 Misc 2d 278), permitting the transmission of distributive shares to Polish subjects, and conditions presently existing in Poland, as shown in the record before us. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.